UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CLAYTON JAMES STEVENS

VERSUS

NEWFIELD EXPLORATION COMPANY,
ET AL

CIVIL ACTION

NO. 07-176-JJB-CN

## RULING ON DEFENDANT STAR'S MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss (doc. 95) by Star Engineering Services, Inc. ("Star") one of multiple defendants in this case. The Plaintiff, Clayton Stevens ("Stevens") and one of Star's co-defendants, Paloma Energy Consultants, L.L.C. ("Paloma"),filed separate oppositions, (docs. 99 and 98, respectively), to which Star replied (doc. 101). There is no need for oral argument. For the following reasons, the motion is denied.

## BACKGROUND

Stevens was working as a pipefitter on a fixed platform in the Gulf of Mexico on February 23, 2006 when he was injured by a 50-75 pound valve that knocked him to the ground. He claims an investigation into the accident shows a jack stand designed to hold the pipe he was working on had not been properly secured to the platform. (Doc. 99). The jack stand failed, apparently causing the pipe to shift, which in turn knocked the valve into Stevens. The relevant facts for this motion are the date of the accident and the fact that Star had performed—or was in the process of performing—an inspection and analysis of the damage

done to the platform by Hurricane Katrina. He filed suit against various parties, in 2007. However, it was not until November 4, 2011, that Star was named a party to the suit in the Fourth Supplemental and Amended Complaint. (Doc. 91). This motion revolves around the question of whether Star was brought into the suit in a timely fashion. Star claims the face of the complaint makes it clear that the five-year preemptive period set forth in Louisiana Revised Statutes Title 9, section 5607 has expired and seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 95). In the alternative, Star points to evidence in the record in support of a motion for summary judgment. Stevens and Paloma each claim the motion should be denied as the five-year period has not run.

## **STANDARD OF REVIEW**

Rule 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing the complaint, courts accept all well-pleaded facts in the complaint as true. *C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). Courts do not, however, accept as true all legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, "the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If the Court looks beyond the complaint, it is to treat the motion as one for summary judgment. *Arvie v. Bailey*, 1 F.3d 1237 (5th Cir. 1993).

A motion for summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). If the dispositive issue is one on which the nonmovant will bear the burden of proof at trial, the moving party satisfies its burden by pointing out that there is insufficient proof concerning an essential element of the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant has the burden of proof at trial, it must demonstrate the absence of material facts and entitlement to judgment as a matter of law. *Id.* at 321.

## **LAW AND DISCUSSION**

The five-year peremptive period in question is provided by La. R.S. 9:5607, and provides in pertinent part:

> A. No action for damages against any professional engineer . . . shall be brought unless filed in a court of competent jurisdiction and proper venue at the latest within five years from:
>
> (1) The date of registry in the mortgage office of acceptance of the work by owner; or
>
> (2) The date the owner has occupied or taken possession of the improvement, in whole or in part, if no such acceptance is recorded; or
>
> (3) The date the person furnishing such services has completed the services with regard to actions against that person, if the person performing or furnishing the services, as described herein, does not render the services preparatory to construction, or if the

3

> person furnishes such services preparatory to construction but the person furnishing such services does not perform any inspection of the work.
>
> ***
>
> C. The five-year period of limitation provided for in Subsection A of this Section is a peremptive period within the meaning of Civil Code Article 3458 and in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
>
> ***

Stevens and Paloma do not dispute that Star qualifies as the type of party the statute is intended to cover.[1] The question before the Court is when the five-year clock began to run.

The Court notes that the first two triggers do not apply to this situation: there is no evidence any acceptance was filed in the mortgage registry and the owner never seems to have relinquished possession in the first place—further, the Court reads these provisions as applying to construction work, not inspections of existing buildings. Plaintiff's interpretation—that the clock does not begin to run *until* the latest of the three requisites is met—is nonsensical. (Doc. 99 at 4). First, this is not what the statute says. Second, the effect of this would be that the five-year peremptive period would never begin until a notice of acceptance is filed. Paragraph (2) specifically provides for such an occasion and renders this interpretation inapplicable. As neither applies to this situation, the third provision will govern.

---

[1] Although Stevens claims there may be other bases for challenging the applicability of the statute to be addressed in the future.

4

The third paragraph starts the clock upon the completion of the services being furnished "with regard to actions against that person." The parties agree the services furnished were not preparatory to construction. Star argues the allegedly improper inspection was completed before Stevens was injured and thus the clock started when the inspection was completed. (Doc. 95-1 at 4). Paloma and Stevens argue the completion of the services came at the end of the totality of Star's work, sometime in March 2007. If Star is right and its work ended prior to the accident, then the five-year peremptive period will have run.

First, as to Star's Motion to Dismiss, Star points to the Fourth Amended Complaint and Plaintiff's allegation that "[s]ome time prior to September 23, 2006, Star . . . [was] retained by the owners and/or operators of the platform to inspect the platform for damage and provide recommendations for upgrade and/or repair." (Doc. 91 at 1). Star interprets this to allege that Star improperly inspected the platform more than five years prior to his November 4, 2011 amended complaint. Therefore, in Star's eyes, the claim is perempted. (Doc. 101 at 1). The Court finds the complaint does not allege when Star's inspection was completed but that the documents in the record resolve the issue. Therefore, the Motion to Dismiss will be converted into a Motion for Summary Judgment.

Star points to a report dated January 20, 2006 as evidence that its inspection was completed before the accident and thus, more than five years

prior to the amended complaint. *Id.* Were it the only document in the record, this might prevail. However, the Court finds that the invoices and progress reports in the record indicate that the services being furnished were not completed until sometime in March or April of 2007, thus making the suit against Star timely under the statute. All of these documents contain the same job number, 7064M, as the January 20 report and refer to various phases of work. In particular, later reports indicate that "damage assessment" was completed in April of 2006, well after the January 20 report Star relies on. (see, e.g. doc. 98-6 at 48). The invoices from Star, which seek payment for work done into March, 2007, all include the notation, "Re: Mississippi Canyon 357/ Evaluation/Inspection of/ Hurricane Katrina Damages/ Star Job No. 7064M." (See e.g. doc. 98-5 at 29). A project log from the week of March 4, 2007 includes the terms "job closure report," and lists the same job number 7064M. In short, the evidence indicates Star was hired to do one job: to inspect, evaluate, and recommend repairs for the damages to the platform caused by Hurricane Katrina. This job was numbered 7064M, started in January of 2006, and continued into March of 2007. If Star wished for this work to have been broken up into several separate jobs, it should have done so. As it did not, and when considering the principle that peremptive periods are to be narrowly applied, the Court finds the services furnished were not completed until sometime in March of 2007. Therefore, the five-year peremptive period began to run at that time. As Plaintiff

amended his complaint to add Star in November of 2011, the five year clock had not run out. Therefore, Star's Motion for Summary Judgment is denied.

## CONCLUSION

For these reasons, Star's motion (doc. 95) is DENIED.

Signed in Baton Rouge, Louisiana, on March 6, 2012.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**