UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CLAYTON JAMES STEVENS

VERSUS

NEWFIELD EXPLORATION
COMPANY, ET AL

CIVIL ACTION

NO. 07-CV-00176-JJB

## RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the court on a Motion for Summary Judgment (Doc. 107) filed by Defendant Atlas Engineering, Inc. ("Atlas"). Plaintiff Clayton James Stevens ("Stevens") filed an opposition (Doc. 109) to which Atlas replied (Doc. 113). Jurisdiction exists pursuant to 28 U.S.C. § 1331. Oral argument is unnecessary. For the reasons stated herein, the motion is DENIED.

## Background

Stevens worked for Performance Energy Services, L.L.C. ("Performance") on an oil platform in the Gulf of Mexico. The platform belonged to Newfield Exploration Company ("Newfield"), and Hurricane Katrina inflicted severe damage upon it. (Doc. 107-3 at 11). As a result, Newfield hired Paloma Energy Consultants LP ("Paloma") to supervise repairs. *Id.* Star Engineering Services, Inc. ("Star") performed inspections and outsourced the actual repairs to Performance. (Doc. 113-1 at 1). Paloma also hired Atlas to design upgrades for the platform. (Doc. 107-3 at 45). Only once the repairs were completed was Atlas to test and implement these upgrades. *Id.* at 46.

On February 23, 2006, a pipe stand fell over, causing a heavy valve to crash into Stevens and knock him over, pinning him between the two pipes. *Id.* at 56-57. Stevens suffered serious injuries and initiated litigation against multiple parties in 2007. Stevens did not initially name Atlas in the suit, but through an amended complaint, he added Atlas as a defendant. Atlas stands accused of 1) failing to conduct a proper inspection, 2) failing to discover the potential hazard, and 3) failing to inform someone of the danger. Stevens also asserts *respondeat superior* theories based on the involvement of Atlas's employees. In response, Atlas claims that 1) hurricane repairs had not been completed, and 2) as a result, neither Atlas nor any of its employees had conducted any inspections or other work on the platform. For summary judgment purposes, Atlas asserts that Stevens can present no evidence capable of swaying a jury toward his position.

## Standard of Review

A motion for summary judgment should be granted when the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, show that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The admissibility of evidence for summary judgment purposes conforms to the rules of admissibility at trial. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 285 (5th Cir. 2004) (citations omitted). Material facts are those "that might

affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Whether or not a fact is material will depend on the substantive law. *Id.* When addressing a summary judgment motion, the court must make reasonable inferences in favor of the non-moving party. *Evans v. City of Bishop*, 238 F.3d 586, 589 (5th Cir. 2000). If the movant meets his initial burden of showing the absence of a genuine dispute of material fact, the burden shifts to the nonmovant to identify or produce evidence that establishes a genuine dispute of material fact. *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000).

## Discussion

Atlas claims that it had no role in the accident. To support this, Atlas offers several affidavits and depositions indicating that Atlas was merely in the design stage of the upgrade process. Until the completion of repairs, Atlas was not to be involved with any actual work on the platform. (Doc. 107-3 at 46-47). The depositions and affidavits cited by Atlas also state that repairs were not finished at the time of the accident. *Id.* at 48. Stevens counters with the deposition of Tony Alcala, an employee of Paloma charged with overseeing repairs on the platform. In the deposition, Alcala refers to orange fluorescent paint left on the structures, and he attributes the paint to Atlas. (Doc. 109-1 at 12, 19). This, Stevens claims, shows that Atlas had done actual work on the platform before the accident occurred. To supplement Alcala's testimony, Stevens attached a series of photographs of the accident's aftermath that include the orange fluorescent paint. (Docs. 109-2, 109-3). Atlas, in turn, challenges the admissibility

of the photographs. According to Atlas, the photographs are unauthenticated and thus inadmissible. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) However, as Atlas concedes, exhibits can be authenticated by deposition excerpts. *Refrigeracion Y Restaurante S.A. De C.V. v. Wal-Mart Stories, Inc.*, 1998 WL 1782541, at 1* (W.D. Tex. 1998).

Alcala's deposition states several times that the paint belonged to Atlas and that the photograph accurately represented the post-accident scene. (Doc. 109-1 at 16). Atlas also attacks this deposition, claiming Alcala has no personal knowledge of the events concerning the presence of the orange fluorescent paint (other than that he saw the paint at the accident site) and therefore, his testimony is inadmissible. To this point, Atlas cites depositions and affidavits of numerous individuals, including its own president (Doc. 107-3, 44-48), that contradict Alcala's statements. Atlas also refers to contradictions within Alcala's own testimony, which Stevens acknowledges (Doc. 107 at 3).

As there is not enough information to determine whether Alcala can lay a foundation for his knowledge, summary judgment is not appropriate at this time.

## Conclusion

Accordingly, Atlas's motion for summary judgment (Doc. 107) is DENIED. Signed in Baton Rouge, Louisiana, on July 13, 2012.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**