UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CLAYTON JAMES STEVENS

VERSUS

NEWFIELD EXPLORATION COMPANY, ET AL.

CIVIL ACTION

NO. 07-176-JJB

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is a Motion for Summary Judgment (Doc. 129) filed by Defendant Star Engineering Services, Inc. The Motion is unopposed. Jurisdiction exists pursuant to 28 U.S.C. § 1331. Oral argument is not necessary.

I. Facts

This case involves a claim by Clayton James Stevens, an employee of Performance Energy Services, LLC. Mr. Stevens alleges that on February 23, 2006, he was performing duties on an offshore oil platform when he fell and sustained personal injury. Doc. 1, at 8. Several years after the original suit was filed, plaintiff filed a Fourth Supplemental and Amended Complaint adding Star as a defendant. Doc. 91. Plaintiff contends that prior to his injury, Star was retained by the owners of the platform to inspect certain areas. *Id.* at 1. Plaintiff contends his injury was caused by the platform not being inspected properly. *Id.* at 2. At the time of the accident, plaintiff was attempting to hang a blind flange on the platform. Instead of obtaining a ladder, he decided to stand on two pipes. One of the plaintiff's feet was on a four inch pipe with a 4" meter run and one foot was on a six inch pipe with a 6" meter run. He was standing on the four inch pipe with the 4" meter run which was supported by a pipe jack. The jack dislodged causing the pipe to fall and allegedly injured Mr. Stevens. Doc. 129-4, at 2. Plaintiff's expert, Robert Borison, summarizes the incident as follows:

1

> The work on the West Delta 152-A platform had been going on for some time prior to Mr. Stevens' arrival on the platform. It appears from the testimony that a certain section of the 4" meter run had been taken out of service prior to Mr. Stevens' accident by an unknown crew. The remaining section of 4" meter run was originally supported by two pipe "field fabricated" installation jack stands that had not been replaced by the permanent pipe supports typically installed on piping runs. At the time of Mr. Stevens' accident, the performance crew was not working on the 4" meter run, but was installing a blind flange on an adjacent 6" meter run's flange. It appears that the 6" meter run flange had been unbolted and raised out of the way with a rigging strap. The testimony indicates that the top of the flange was just high enough that it could not be reached by standing on the deck, but could be reached by standing on the 4" and 6" meter runs. Mr. Stevens and Mr. Hernandez positioned themselves on the meter runs and had already positioned the blind flange when the 4" meter run fell off the pipe stands and injured Mr. Stevens by pinning him to the 6" meter run's piping.

Doc. 129-5, at 5.

The contention as to Star is that Star had been hired following Hurricane Katrina to inspect certain damage to the platform and should have discovered that a jack was inappropriate to hold the 4" meter run. Star was hired by Mariner Energy, Inc to perform an inspection of hurricane damage to equipment and associated piping dedicated for the processing of Mariner's Mississippi Canyon Block 357 Subsea Well production only. The pipe support was not an item of hurricane damage. The contract between Star Engineering and Mariner Energy Inc was to inspect a limited area of Mariner-owned equipment and associated piping. There was no requirement to inspect any other equipment or piping. The 4" line with the 4" meter run is not included in the scope and therefore, was outside area requested to be inspected by Star. Doc. 129-3.

II. Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. Rule Civ. P. 56(a). The party seeking

2

summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991). If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322.

III.   Analysis

Star argues the following. First, it was hired solely to inspect for hurricane damage. Plaintiff's allegation that the 4" meter run upon which he fell was supported by

3

a pipe jack, instead of some other type of secure device, is outside the scope of Mariner's contract with Star, because it is not owned by Mariner and is not a part of hurricane damage. Second, the contract between Star and Mariner required Star to inspect only specific areas of the platform. Because Star was never requested by anyone to inspect the 4" meter run upon which plaintiff fell, it cannot be responsible for the alleged injury to plaintiff.

The evidence before the Court shows Star was never requested to inspect the 4" meter run upon which the plaintiff was allegedly injured, and that the only 4" line requested to be inspected was a 4" riser line which is not the 4" meter run upon which plaintiff allegedly fell. Doc. 129-3. Since Plaintiff contends his injury was caused by the platform not being inspected properly, yet Star was never requested to inspect the meter run on which the Plaintiff was allegedly injured, the Plaintiff cannot recover against Star. Therefore, summary judgment is appropriate.

IV. Conclusion

Accordingly, Star Engineering Services, Inc.'s Motion for Summary Judgment (Doc. 129) is **GRANTED**.

**IT IS HEREBY ORDERED** that the Plaintiff's claims against Star Engineering Services, Inc. are **DISMISSED**.

Signed in Baton Rouge, Louisiana, on April 10, 2013.

_____
**JAMES J. BRADY, DISTRICT JUDGE**